**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

CARLOS UMBERTO GOMEZ TORRES
REG. #39925-180                                                                            PLAINTIFF

V.                                        NO: 2:06CV00021 WRW/HDY

HIPOLITO MATOS                                                                          DEFENDANT

**FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.
2.      Why the evidence proffered at the hearing before the District
        Judge (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the Federal Correctional Complex in Forrest City

("FCCFC"), filed this *pro se* complaint (docket entry #1), pursuant to *Bivens v. Six Unknown Agents*

*of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), on January 13, 2006.  On October 13, 2006,

Defendant filed a motion for summary judgment, along with a brief in support (docket entries #30

and #31).[1]  Plaintiff has filed a response (docket entry #37).

### I.  Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must

---

[1]Defendant actually filed a motion to dismiss, or in the alternative for summary judgment.
Because Defendant attached exhibits to his supporting brief, the Court is treating the motion as a
motion for summary judgment.

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's amended complaint, he was in the custody of the Federal Bureau of Prisons in Texas, where it was determined that eye surgery for removal of a cataract was necessary. The surgery was scheduled for February 18, 2005, but, before that surgery could be accomplished, he was transferred to FCCFC.  Plaintiff contends that he unsuccessfully tried to convince Defendant Hipolito Matos to recommend surgery and have him examined by an outside eye specialist, and asserts that Defendant did "everything possible to deny or stonewall Plaintiff's attempts to have surgery."

Plaintiff arrived at FCCFC on May 17, 2005.  On June 8, 2005, Plaintiff was referred to an optometrist for evaluation.  Plaintiff was seen by a contract optometrist, Dr. D. Morris, for his eye condition on August 3, 2005, was diagnosed with iritis of the right eye, and was prescribed medication.  On August 26, 2005, Plaintiff was again seen by Dr. Morris, who continued the medication.  Dr. Morris saw Plaintiff again on October 20, 2005, noted the iritis was controlled, but did not order surgery.  On October 25, 2005, Plaintiff was seen as an emergency after complaining of the left eye's redness and pain.  He was diagnosed with left eye conjunctivitis and prescribed

medication.  A physician's assistant saw Plaintiff on October 26, 2005, due to his pupils dilating and

not reacting to light.  It appears a medication was put on hold at that time, on the advice of Dr.

Morris, who was contacted over the phone.  Although Plaintiff was seen at various time over the next

few months, it does not appear that he received any further eye treatment until March of 2006.  On

March 16, 2006, Dr. Morris noted that the iritis had finally cleared and no more medication was

necessary.  On April 11, 2006, as soon as Dr. Morris cleared Plaintiff for elective surgery of the eye,

Defendant referred Plaintiff for surgical removal of a cataract.  Plaintiff had cataract surgery on

August 21, 2006, performed by Dr. G. Edward Bryant, Jr.  Eight days later, Plaintiff was followed

up by Dr. Morris, who diagnosed humor vitreous hemorrhage, and recommended Dr. Bryant re-

evaluate Plaintiff.  Dr. Bryant saw Plaintiff again on September 12, 2006, and September 28, 2006,

and diagnosed vitreous humor hemorrhage on the right eye, and detachment of the retina, and

recommended surgery as soon as possible.  That surgery was performed by Dr. Bryant on October

2, 2006.  Plaintiff received pain medication following the surgery.  The most recent medical note,

from a Dr. Flattery, is dated October 10, 2006.  At that time, Dr. Flattery noted that Plaintiff was seen

by an optometrist that day, and wrote that Plaintiff will never see out of his right eye again due to

detachment of the retina and damage to the back of the eye discovered after surgery, most likely due

to injury years ago.[2]

    In support of his motion for summary judgment, Defendant raises essentially four arguments:

that Plaintiff's complaint is simply a disagreement with his course of medical treatment, that Plaintiff

cannot demonstrate a delay in treatment that adversely affected his prognosis, that the complaint is

moot, and that Defendant enjoys qualified immunity.

---

[2]The chronology of Plaintiff's medical treatment at FCCFC was appended to Defendant's brief as attachment #3, and was agreed to and adopted by Plaintiff in his response opposing Defendant's motion for summary judgment.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'"  *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Plaintiff asserts that Defendant initially declined to refer Plaintiff for surgery, and then changed his mind on April 11, 2006.  Plaintiff contends this change by Defendant was only because of his grievances and this lawsuit.  However, according to the agreed upon chronology of events, Plaintiff was not released for elective eye surgery until April 11, 2006, which is when Defendant referred Plaintiff for the surgery.  Thus, the evidence does not support Plaintiff's claim that Defendant deliberately disregarded his medical needs, but rather indicates that he referred him for the treatment he sought as soon as he was eligible, and Plaintiff's disagreement with that decision does not rise to the level of a constitutional violation.

As discussed above, Plaintiff was referred to an optometrist less than a month after he arrived at FCCFC, and it is clear that he was receiving regular treatment for his eye condition.  Defendant's affidavit indicates that as soon as Plaintiff's iritis had cleared, Defendant referred Plaintiff for

cataract removal surgery.  Although Plaintiff asserts that the alleged delay in treatment for the cataract caused him to be blind in one eye, he has produced no medical evidence to support his claim.  When a prisoner claims that a delay in receiving medical treatment amounts to deliberate indifference, he must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment.  *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997).  Plaintiff has failed to introduce any evidence indicating that his delay in receiving cataract surgery led to his blindness, and cannot create a fact question on the issue with nothing more than his own opinion.  *See Dulany v. Carnahan*, 132 F.3d at 1240 (In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment).

Based on the above analysis of Defendant's motion, there is no need to consider the questions of whether Plaintiff's claim is moot, or of Defendant's qualified immunity, and Plaintiff's complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendant's motion for summary judgment (docket entry #30) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

DATED this __6__ day of November, 2006.

_____
UNITED STATES MAGISTRATE JUDGE